UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEVIN CORDOVA,                                 **COMPLAINT**

                                                        **24 cv 2633**

                                                        **ECF Case**

              Plaintiff,
        vs.

The CITY OF NEW YORK,
MICHAEL FIGUEROA, NEIL O'DONNELL,
EMMANUEL VALERIO,                           **JURY TRIAL DEMANDED**
in their individual and official capacities,

              Defendants.
-------------------------------------------------------------x

Plaintiff Kevin Cordova, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from various civil rights violations against Kevin Cordova ("Plaintiff" or "Cordova") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest, malicious prosecution, denial of the right to a fair trial, unlawful seizure, and failure to intervene against the City of New York for the same constitutional violations. Additionally, Plaintiff asserts analogous claims under New York State and New York City Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

1

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

**VENUE**

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. The individually named defendants, Police Officers Michael Figueroa, Neil O'Donnell, and Emmanuel Valerio (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD 33rd Precinct.

8. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

10. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

11. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

12. On November 5, 2022, around 6:00 p.m., Plaintiff was at a gas station in Manhattan – specifically the Mobil gas station at the intersection of 155th Street and Broadway – in order to fill his motorcycle with gas.

13. Suddenly, a police car driven by defendants PO Figueroa, PO O'Donnell, and PO Valerio aggressively turned into the gas station and struck Plaintiff's motorcycle.

14. Officers Figueroa, O'Donnell, and Valerio got out of their car, arrested Plaintiff (Arrest # m22642326), and took him to the NYPD 33rd Precinct.

15. The officers had observed Plaintiff doing nothing unlawful or suspicious to justify their conduct.

16. Hours later at the 33rd Precinct, Plaintiff was issued a Desk Appearance Ticket (DAT serial number 033-00306) instructing him to appear in New York County Criminal Court on November 23, 2022.

17. The individual defendants had also seized Plaintiff's motorcycle, taken it to the Precinct, and vouchered it as "arrest evidence" (Invoice No. 1001577278).

18. When Plaintiff appeared in Criminal Court on November 23, 2022, he was arraigned on a single charge of Reckless Endangerment in the Second Degree (N.Y. Penal Law Section 120.20) (Docket No. CR-028536-22NY).

19. PO Figueroa signed the Criminal Court Complaint, which falsely stated that Figueroa "observed the defendant [Plaintiff] drive at a high rate of speed and hit the passenger side of my [Figueroa's] marked police car, causing damage to the passenger door."

20. The allegation that Plaintiff sped into Officer Figueroa's police car is a blatant fabrication that Figueroa had forwarded to the Manhattan District Attorney's Office.

21. Plaintiff was ordered to return to Criminal Court in the future.

22. On January 12, 2023, the criminal prosecution against Plaintiff was dismissed and sealed.

23. Months later, Plaintiff got back his motorcycle.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

24. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and

scope of their duties.

25. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

27. Upon information and belief, the individual defendants' aforementioned abuse of power was not an isolated event. There were other instances of misconduct by the individual defendants that Defendant City knew or should have known about.

28. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

**DAMAGES**

29. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

      a. Violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

      b. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

### FIRST CLAIM

### False Arrest Under Section 1983

30. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

31. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from false arrest.

32. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SECOND CLAIM

### Malicious Prosecution Under Section 1983

34. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

35. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from malicious prosecution.

36. As detailed above, the individual defendants intentionally and maliciously initiated a criminal prosecution against Cordova without probable cause -- a prosecution that terminated in Plaintiff's favor when all criminal charges against him were dismissed.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Unlawful Seizure Under Section 1983

38. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

39. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful seizures of his property – in this case, his vehicle.

40. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Denial of the Right to a Fair Trial Under Section 1983

41. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

42. By the actions described, the Defendants deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to a fair trial.

43. The individual defendants deliberately forwarded fabricated information to the New York County District Attorney's Office.

44. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

45. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

46. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

47. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

48. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

## FIRST CLAIM

### Malicious Prosecution Under N.Y. State Law

49. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

50. As detailed above, the individual defendants intentionally and maliciously initiated a prosecution against Plaintiff without probable cause. The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

51. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Right of Security Against Unreasonable Search and Seizure and Excessive Force Under New York City Administrative Code

52. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

53. As detailed above, the individual defendants intentionally violated Plaintiff's right to be secure against unreasonable searches and seizures, and against excessive force, in violation of New York City Administrative Code Title 8, Chapter 8: The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force Regardless of Whether Such Force Is Used In Connection with a Search or Seizure. § 8-803 Civil action for deprivation of rights.

54. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant City of New York)

55. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

56. Defendant City owed a duty of care to Plaintiff to prevent the violations and abuse sustained by Plaintiff.

57. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

58. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

59. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

60. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Respondeat Superior Under N.Y. State Law

61. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

62. Defendant City is the employer of the individual defendants.

63. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment.

64. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff Kevin Cordova in an amount to be determined at trial;

    b. An order awarding punitive damages in an amount to be determined at trial;

    c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d. Such other and further relief as this Court may deem appropriate.

DATED: April 7, 2024
    New York, New York

                 CYRUS JOUBIN, ESQ.
                 43 West 43rd Street, Suite 119
                 New York, NY 10036
                 (703) 851-2467
                 joubinlaw@gmail.com
                 Attorney for Kevin Cordova